United States District Court
Southern District of Texas
**ENTERED**
February 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADEDOJA ALAYANDE, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-00373 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| ROBERT LACY, JR, | § | |
| Respondent. | § | |

OPINION AND ORDER ON DISMISSAL

The motion for summary judgment by Respondent Robert Lacy, Jr., is granted. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Adedoja Alayande is denied. Dkt 1.

1. Background

Petitioner is a citizen of Nigeria who was admitted to the United States as a non-immigrant in 2018. Dkt 7 at 2. She proceeds here *pro se*.

Immigration and Customs Enforcement in February 2020 issued Petitioner a notice to appear, alleging she had overstayed her non-immigrant visitor visa. Dkt 7-1. Petitioner was later arrested in Texas on charges of injury to a child and burglary of a habitation in June 2025. Dkt 7-2 at 17. ICE lodged a detainer against her, and she was transferred to ICE custody on September 30, 2025. Dkt 1 at 1.

Petitioner was given a bond hearing on November 6, 2025. The Immigration Judge determined that she posed a danger to persons and property based on her arrest and subsequent criminal charges. The IJ denied Petitioner release on bond on that basis. Dkt 7-3 at 2.

The IJ held a second bond hearing on December 8, 2025. Release on bond was again denied because the IJ found no change in circumstances that would warrant a different decision about release. Dkt 7-4 at 2. Petitioner remains in custody at the Houston Processing Center. Dkt 1 at 1.

In January 2026, Petitioner filed a petition for a writ of *habeas corpus* to challenge her continued detention. Id at 2–3. She alleges that her detention violates the Due Process Clause of the Fifth Amendment because it is "unsupported by any individualized finding that she poses a danger to the community or [is] a flight risk." Id at 3. She disputes the facts underlying her criminal charges and asserts that the Government didn't present evidence to justify her continued detention. Ibid.

Respondent filed a motion for summary judgment in response. Dkt 7. He asserts that Petitioner's detention is governed by 8 USC §1226(a), which provides for a bond hearing upon request. He also observes that Petitioner has had two bond hearings, at which the IJ denied her request for release. Respondent filed documents from those proceedings in support of his motion. Dkts 7-1, 7-2, 7-3 & 7-4.

Petitioner didn't respond to the motion, and her time to do so has expired.

2. Legal standard

Petitioner's petition is construed liberally because she proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007, *per curiam*).

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides that summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. See also *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Supreme Court holds that "the substantive law

will identify which facts are material." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986); see also *Nola Spice Designs LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015).

    3.  Discussion

The question of jurisdiction must be addressed before the merits of Petitioner's claims. See *Florida v Thomas*, 532 US 774, 777 (2001). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v Federal Election Commission*, 138 F3d 144, 151 (5th Cir 1998).

Respondent asserts that Petitioner is subject to detention under 8 USC §1226(a). Congress provides in §1226(e) that:

> The Attorney General's discretionary judgment regarding the application of [§1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

District courts therefore don't have jurisdiction to review discretionary decisions made by an IJ regarding bond. See *Nielsen v Preap*, 586 U.S. 392, 401 (2019).

Petitioner contends that the IJ's decisions to deny her release on bond weren't supported by sufficient evidence and were thus arbitrary. But review of the merits of those decisions and the factual basis underlying them is barred by §1226(e). Jurisdiction to consider these claims doesn't exist.

It bears mention that §1226(e) "does not deprive [courts] of all authority to review statutory or constitutional challenges. [Courts] retain jurisdiction to

review [a non-citizen's] detention insofar as that detention presents constitutional issues." *Oyelude v Chertoff*, 125 F Appx 543, 546 (5th Cir 2005), citing *Demore v Kim*, 538 US 510, 516–17 (2003). Pertinent here, the Supreme Court has stated, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 US at 531 (citation omitted). As such, the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526.

The record shows that Petitioner has been provided with all the process that she is due under §1226. She offers no evidence to the contrary. Her detention thus doesn't violate due process.

4. Conclusion

The motion by Respondent for summary judgment is GRANTED. Dkt. 7.

The petition for writ of *habeas corpus* by Petitioner Adedoja Alayande is DENIED. Dkt 1.

This action is DISMISSED.

SO ORDERED.

Signed on  February 09, 2026 , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge